IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Partners Pharmacy Services, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-34698<br><br>(Joint Administration Requested)<br>(Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR AN ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED CREDITOR MATRIX AND A CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS, AND (B) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION; (II) AUTHORIZING SERVICE BY EMAIL; AND (III) APPROVING FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE <u>CHAPTER 11 CASES AND OTHER INFORMATION</u>**

> **Emergency relief has been requested. Relief is requested not later than 4:00 p.m. (prevailing Central Time) on August 14, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (the "<u>Motion</u>"):

<u>**RELIEF REQUESTED**</u>

1. The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), granting (i) authority to (a) file a consolidated creditor matrix (the "<u>Consolidated Creditor Matrix</u>") and a consolidated list of the Debtors' thirty largest

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Arrow Envoy Holdings, LLC (5695); Arrow Pharmacy Holdings, LLC (0080); Partners of Connecticut, LLC (1828); Partners of Massachusetts, LLC (2604); Partners of New York, LLC (0039); Partners of Pennsylvania, LLC (0841); Partners Pharmacy of Florida, LLC (9364); Partners Pharmacy of Maryland, LLC (0961); Partners Pharmacy of Texas, LLC (2017); Partners Pharmacy of Virginia, LLC (6232); Partners Pharmacy Services, LLC (9038); Partners Pharmacy Shell Point, LLC (1616); Partners Pharmacy, L.L.C. (4578); and Solutions Homecare, L.L.C. (1583). The Debtors' service address in these chapter 11 cases is 173 Bridge Plaza North, Fort Lee, NJ 07024.

unsecured creditors (the "Consolidated Top 30 Creditors List"), and (b) redact the mailing and email addresses of individuals that are the Debtors' current and former employees, directors, interest holders, contractors, customers, creditors, and other parties in interest, as well as any other information required to be redacted by applicable law, from the Consolidated Creditor Matrix, the Consolidated Top 30 Creditors List, and other filings in these cases; (ii) authority to serve creditors by email; and (iii) approval of the form and manner of notifying creditors of the commencement of these chapter 11 cases and other information.

## JURISDICTION AND VENUE

2.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested are section 107(c)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007(a)(1) and (d) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(d) of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## BACKGROUND

5.  On August 13, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these cases.

6. The Debtors serve the medication management needs of residents at skilled nursing facilities, assisted living communities, long-term care residences, long-term acute care hospitals, and institutional care facilities across the United States. These services are delivered through a network of in-house pharmacies and supported by a range of advanced technologies and capabilities, including automation systems, infusion therapy technologies, compounding services, clinical decision-support tools, and a dedicated team offering clinical support services.

7. Additional information about the Debtors, including their business operations, corporate and capital structure, and the events leading to the filing of these cases is detailed in the *Declaration of Ronald M. Winters in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

**BASIS FOR RELIEF**

**I.  Consolidated Creditor Matrix**

8. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." FED. R. BANKR. P. 1007(a)(1). Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.

**II. Consolidated Top 30 Creditors List**

9. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders[.]" FED. R. BANKR. P. 1007(d). In complex chapter 11 cases filed in the Southern District of Texas, the lead debtor in a jointly administered complex case must file "a single, consolidated list of

3

4934-3479-1245

unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors." *See Procedures for Complex Cases in the Southern District of Texas*, Rule 14.a.  Because the Debtors may have a significant number of overlapping creditors, consistent with Rule 14.a, the Debtors request authority to file the Consolidated Top 30 Creditors List for all Debtors.  The Consolidated Top 30 Creditors List will help alleviate administrative burden, costs, and the possibility of duplicative service.  For the avoidance of doubt, the Debtors are not requesting authority to (i) file consolidated schedules of assets and liabilities and statements of financial affairs or (ii) substantively consolidate the Debtors.

### III. Redaction of Certain Personal Information of Certain Third Parties

10.     Section 107(c)(1)(A) of the Bankruptcy Code provides that "the bankruptcy court, for cause, may protect an individual . . . to the extent the court finds that disclosure of such information would create undue risk of identity theft[,]" with respect to "[a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]." 11 U.S.C. § 107(c)(1)(A).

11.     Here, cause exists to authorize the Debtors to redact the mailing and email addresses of individuals that are current and former employees, directors, interest holders, contractors, customers, creditors, other parties in interest from the Consolidated Creditor Matrix, the Consolidated Top 30 Creditors List, and other filings in these chapter 11 cases because such information could be used to, among other things, perpetrate identity theft, and poses potential safety and other privacy concerns.  The Debtors propose to provide, upon request, and subject to applicable data privacy and public health laws, unredacted versions of the Consolidated Creditor Matrix and Consolidated Top 30 Creditors List to the Court, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and counsel to any statutory committee of unsecured creditors appointed in these chapter 11 cases.

12. Courts in this and other districts routinely grant the relief requested in this Motion. *See, e.g.*, *In re Air Methods Corp.*, No. 23-90886 (MI) (Bankr. S.D. Tex. Oct. 25, 2023) (Docket No. 94); *In re Genesis Care Pty Limited*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023) (Docket No. 73); *In re Envision Healthcare Corp.*, No. 23- 90342 (CML) (Bankr. S.D. Tex. May 15, 2023) (Docket No. 118); *In re Serta Simmons Bedding, LLC*, No. 23-90020 (DRJ) (Bankr. S.D. Tex. Jan. 24, 2023) (Docket No. 89); *In re Core Scientific, Inc.*, No. 22-90341 (DRJ) (Bankr. S.D. Tex. Dec. 22, 2022) (Docket No. 117); *In re Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. May 18, 2022) (Docket No. 237).

### IV. Service by Email to Creditors Is Appropriate and Should Be Approved

13. Although the Bankruptcy Rules generally require notices to be served on creditors by mail, bankruptcy courts have authority to modify the manner in which notice is given. *See* FED. R. BANKR. P. 2002(m) and 9007. Modifying the manner in which notice is provided is also well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

14. The Debtors request authority to serve their creditors by email, where an email address is available to the Debtors. Not only is email service the most efficient and cost-effective manner to serve creditors and parties in interest, it is also more likely to facilitate creditor responses. Additionally, email service will alleviate administrative burdens and costs on the Debtors' estates.

15. Courts in this and other districts routinely grant the relief requested in this Motion. *See, e.g.*, *In re Genesis Care Pty Limited*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023) (Docket No. 73) (authorizing service of all filings, including the notice of commencement, on all parties listed on the creditor matrix by email, if available); *In re Envision Healthcare Corp.*, No. 23-90342 (CML) (Bankr. S.D. Tex. May 15, 2023) (Docket No. 118) (same).

**V.      Service of Notice of Commencement of These Chapter 11 Cases**

16.     Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases. Bankruptcy Rule 2002(f) provides that notice of the order for relief must be sent by mail to all creditors. *See* FED. R. BANKR. P. 2002(f). Additionally, Bankruptcy Rule 2002(a) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code[.]" FED. R. BANKR. P. 2002(a)(1).

17.     The Debtors, through Kroll Restructuring Administration LLC ("Kroll"), their proposed claims and noticing agent, propose to serve the notice of commencement of these chapter 11 cases, substantially in the form attached as **Exhibit 1** to the Proposed Order (the "Notice of Commencement"), to all parties entitled to notice to advise them of both the commencement of these chapter 11 cases and the section 341 meeting of creditors. The proposed service of the Notice of Commencement will avoid unnecessary costs associated with serving multiple notices on the Consolidated Creditor Matrix and prevent confusion through the efficient delivery of critical information. Accordingly, service of a single Notice of Commencement is warranted and proper in these chapter 11 cases.

### DEBTORS SATISFY REQUIREMENTS OF BANKRUPTCY RULE 6003

18.     Pursuant to Local Rule 9013-1, the Debtors request emergency consideration of this Motion under Bankruptcy Rule 6003, which provides that the Court may grant relief within the first twenty-one days after the Petition Date to the extent necessary to avoid immediate and irreparable harm. The relief requested is essential to avoid the immediate and irreparable harm that would be caused by the Debtors' inability to transition smoothly into chapter 11. Accordingly, the requirements of Bankruptcy Rule 6003 are satisfied.

4934-3479-1245

**NOTICE**

19. Notice of this Motion will be served on the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (c) the Internal Revenue Service; (d) the United States Attorney's Office for the Southern District of Texas; (e) the state attorneys general for all states in which the Debtors conduct business; (f) Glenn Agre Bergman & Fuentes LLP, as counsel to CS One, LLC; (g) Allen Stovall Neuman & Ashton LLP, as counsel to Cardinal Health 110, LLC and Cardinal Health 112, LLC; and (h) any party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(d). Given the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

20. WHEREFORE, the Debtors respectfully request that the Court grant (i) the relief requested in this Motion by entering the Proposed Order, substantially in the form attached as **Exhibit A**, and (ii) such other and further relief as the Court deems just and proper.

Dated: August 13, 2025
   Washington, DC

Respectfully submitted,

/s/ Patrick J. Potter
Patrick J. Potter (S.D. Tex. Fed. No. 3089812)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone:(202) 663-8928
Facsimile: (202) 663-8007
Email: patrick.potter@pillsburylaw.com

-and-

Dania Slim (S.D. Tex. Fed. No. 3049178)
Amy West (*pro hac vice* pending)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
Email: dania.slim@pillsburylaw.com
       amy.west@pillsburylaw.com

-and-

L. James Dickinson (Tex. Bar. No. 24105805)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
609 Main Street, Suite 2000
Houston, TX 77002
Telephone: (713) 276-7654
Facsimile: (713) 276-7373
Email: james.dickinson@pillsburylaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF ACCURACY

In accordance with Local Rule 9013-1(i), I hereby certify that the foregoing statements regarding the nature of the emergency are true and accurate to the best of my knowledge.

*/s/ Patrick J. Potter*
Patrick J. Potter

## CERTIFICATE OF SERVICE

I certify that on August 13, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, the foregoing document will be served as set forth in a forthcoming affidavit filed by the Debtors' proposed claims agent.

*/s/ Patrick J. Potter*
Patrick J. Potter

4934-3479-1245

# **Exhibit A**

*Proposed Order*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Partners Pharmacy Services, LLC, *et al.*,[1] | Case No. 25-34698 |
| Debtors. | (Joint Administration Requested) |

**ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED CREDITOR MATRIX AND A CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS, AND (B) REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION; (II) AUTHORIZING SERVICE BY EMAIL; AND (III) APPROVING FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER 11 CASES AND OTHER INFORMATION**

Upon the motion (the "'Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to (a) file a Consolidated Creditor Matrix and a Consolidated Top 30 Creditors List, and (b) redact the mailing and email addresses of individuals that are the Debtors' current and former employees, directors, interest holders, contractors, customers, creditors, other parties in interest, as well as any other information required to be redacted by applicable law; (ii) authorizing the service on creditors by email; and (iii) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases and other information, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Arrow Envoy Holdings, LLC (5695); Arrow Pharmacy Holdings, LLC (0080); Partners of Connecticut, LLC (1828); Partners of Massachusetts, LLC (2604); Partners of New York, LLC (0039); Partners of Pennsylvania, LLC (0841); Partners Pharmacy of Florida, LLC (9364); Partners Pharmacy of Maryland, LLC (0961); Partners Pharmacy of Texas, LLC (2017); Partners Pharmacy of Virginia, LLC (6232); Partners Pharmacy Services, LLC (9038); Partners Pharmacy Shell Point, LLC (1616); Partners Pharmacy, L.L.C. (4578); and Solutions Homecare, L.L.C. (1583). The Debtors' service address in these chapter 11 cases is 173 Bridge Plaza North, Fort Lee, NJ 07024.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**,

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to file a Consolidated Creditor Matrix and a Consolidated Top 30 Creditors List.

3. The Debtors are further authorized, but not directed, to redact the mailing and email addresses of individuals that are the Debtors' current and former employees, directors, interest holders, contractors, customers, creditors, other parties in interest, as well as any other information required to be redacted by applicable law, from the Consolidated Creditor Matrix, the Consolidated Top 30 Creditors List, and other filings in these chapter 11 cases. The Debtors shall provide, subject to applicable data privacy and public health laws, an unredacted version of the Consolidated Creditor Matrix and the Consolidated Top 30 Creditors List to (a) the Court, the U.S. Trustee, and counsel to any official committee of unsecured creditors appointed in these chapter

11 cases, and (b) upon a request to the Debtors (email is sufficient) or to the Court, any party in interest, provided that any receiving party shall not transfer or otherwise provide such unredacted document to any other person or entity. The Debtors shall inform the U.S. Trustee and the Court promptly after denying any request for an unredacted document pursuant to this Order. The rights of all parties in these chapter 11 cases to object to the relief granted in this paragraph, for any reason, including that the Debtors have not satisfied their burden under section 107(c) of the Bankruptcy Code, are hereby preserved.

4. The Debtors, through Kroll, are authorized to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Consolidated Creditor Matrix (including via email, if available).

5. The Debtors are authorized to serve the Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, on all parties listed on the Consolidated Creditor Matrix and on all parties that have entered an appearance in this case. Service of the Notice of Commencement shall be deemed adequate and sufficient notice under the Bankruptcy Rules, including Rule 2002, of (i) the commencement of these chapter 11 cases and (ii) the meeting of creditors pursuant to section 341 of the Bankruptcy Code.

6. The Debtors shall cause Kroll to post the Notice of Commencement on the case website (https://restructuring.ra.kroll.com/PartnersPharmacy) as soon as practicable.

7. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

8. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Signed: _____
                                                            United States Bankruptcy Judge

4934-3479-1245

# **Exhibit 1**

*Notice of Commencement*

| Information to identify the case: | | |
|---|---|---|
| Debtor  Partners Pharmacy Services, LLC, *et al.*  <br>             Name | | EIN:  75-3109038 |
| United States Bankruptcy Court for the Southern District of Texas (Houston Division)  <br>                                                                  (State) | | Date case filed for chapter 11  08/13/2025  <br>                                                                MM / DD / YYYY |
| Lead Case Number:  25-34698 | | |

Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                                                10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. | Debtors' full name(s)  <br>(List of Jointly Administered Debtors) | SEE BELOW CHART |
|---|---|---|

| **Name of Debtors** | **EIN Number** | **Other Names Used in Last 8 Years** | **Case Numbers** |
|---|---|---|---|
| Arrow Envoy Holdings, LLC | 80-0855695 | | 25-34699 |
| Arrow Pharmacy Holdings, LLC | 26-1740080 | Avantum | 25-34700 |
| Partners Pharmacy Services, LLC | 75-3109038 | | 25-34698 |
| Partners of Connecticut, LLC | 33-1071828 | Partners Pharmacy; Partners Pharmacy of Connecticut | 25-34702 |
| Partners of Massachusetts, LLC | 43-2032604 | Partners Pharmacy of Maine; Partners Pharmacy of Massachusetts | 25-34703 |
| Partners of New York, LLC | 46-3910039 | | 25-34704 |
| Partners of Pennsylvania, LLC | 59-3780841 | Partners Pharmacy | 25-34705 |
| Partners Pharmacy, L.L.C. | 22-3574578 | Discover RX; Partners Pharmacy; Partners DME | 25-34712 |
| Partners Pharmacy of Florida, LLC | 32-0459364 | Advanced Pharmacy; Partners Pharmacy | 25-34707 |
| Partners Pharmacy of Maryland, LLC | 47-3220961 | Advanced Pharmacy | 25-34708 |
| Partners Pharmacy of Texas, LLC | 47-3222017 | Advanced Pharmacy; Partners Pharmacy; Partners Village Pharmacy | 25-34697 |
| Partners Pharmacy of Virginia, LLC | 20-5696232 | Partners Pharmacy; Partners Pharmacy of Imperial Plaza | 25-34709 |
| Partners Pharmacy Shell Point, LLC | 87-4211616 | | 25-34710 |
| Solutions Homecare, L.L.C. | 22-3731583 | | 25-34713 |

| 2. | All other names used in the last 8 years | SEE ABOVE CHART |
|---|---|---|
| 3. | Address | 173 Bridge Plaza North, Fort Lee, NJ 07024 |

Official Form 309F1 (For Corporations or Partnerships)       Notice of Chapter 11 Bankruptcy Case                                page 1

| Debtor | Partners Pharmacy Services, LLC, *et al.* | Case number (if known) | 25-34698 |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| 4. **Debtor's attorney**<br>Name and address | **PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>Patrick J. Potter<br>1200 Seventeenth Street, NW<br>Washington, DC 20036<br>Telephone:(202) 663-8928<br>Facsimile: (202) 663-8007<br><br>-and-<br><br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>Dania Slim<br>Amy West<br>31 West 52nd Street<br>New York, NY 10019<br>Telephone: (212) 858-1000<br>Facsimile: (212) 858-1500<br><br>-and-<br><br>**PILLSBURY WINTHROP SHAW PITTMAN LLP**<br>L. James Dickinson (24105805)<br>609 Main Street, Suite 2000<br>Houston, TX 77002<br>Telephone: (713) 276-7654<br>Facsimile: (713) 276-7373 | **Debtors' Claims and Noticing Agent** (for Court Documents and Case Information Inquiries):<br><br>**Case website**:<br>https://restructuring.ra.kroll.com/PartnersPharmacy<br>**Email inquiries**: PartnersPharmacyInfo@ra.kroll.com<br>**Hotline**:<br>U.S. toll-free:  (877) 306-2072<br>International:  +1 (646) 979-4416<br><br>**Claim Processing Address Information:**<br><br>A proof of claim form may be obtained at www.uscourts.gov, any bankruptcy clerk's office or on the case website at https://restructuring.ra.kroll.com/PartnersPharmacy. Completed proofs of claim may be submitted to Kroll Restructuring Administration LLC as the official claims agent for these cases.<br><br>**If by First-Class Mail:**<br>Partners Pharmacy Claims Processing Center<br>c/o Kroll Restructuring Administration LLC<br>Grand Central Station, PO Box 4850<br>New York, NY 10163-4850<br><br>**If by Hand Delivery or Overnight Mail:**<br>Partners Pharmacy Claims Processing Center<br>c/o Kroll Restructuring Administration LLC<br>850 3rd Avenue, Suite 412<br>Brooklyn, NY 11232 |
| 5. **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://restructuring.ra.kroll.com/PartnersPharmacy at no charge or at https://pacer.uscourts.gov for a fee. | United States Courthouse<br>515 Rusk Avenue<br>Houston, Texas 77002 | Hours:  Monday to Friday – 8:00 a.m. to 5:00 p.m. (Central Time)<br><br>Telephone:  (713) 250-5500 |
| 6. **Meeting of creditors**<br>The Debtors' representative must attend the meeting to be questioned under oath.<br><br>Creditors may attend, but are not required to do so. | _____at _____ (CT)<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**   Telephone Conference:<br><br>**Dial: 866-707-5468**<br><br>**Participant Code: 6166997** |
| 7. **Proof of claim deadline** | **Deadline for filing proof of claim:**<br><br>Not yet set.  Notice of deadline, if any, will be filed on the Court's docket.<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br><br>Your claim will be allowed in the amount scheduled unless:<br><br>▪ your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>▪ you file a proof of claim in a different amount; or<br>▪ you receive another notice.<br><br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan.  You may file a proof of claim even if your claim is scheduled.<br><br>You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |

| Debtor | Partners Pharmacy Services, LLC, *et al.* | Case number (if known) | 25-34698 |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| 8. | **Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below<br><br>**Deadline for filing the complaint:  To be determined** |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |