IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Partners Pharmacy Services, LLC, *et al.*,[1] | Case No. 25-34698 |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION TO REJECT THE BINDING TERM SHEET WITH SRX**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1.  The Debtors seek entry of an order, substantially in the form attached as **Exhibit A**, rejecting the term sheet, effective as of the Petition Date (defined below), entered into with Partners Acquisition SRX LLC ("SRX") effective as of May 9, 2025 (as amended, the "SRX Term Sheet").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Arrow Envoy Holdings, LLC (5695); Arrow Pharmacy Holdings, LLC (0080); Partners of Connecticut, LLC (1828); Partners of Massachusetts, LLC (2604); Partners of New York, LLC (0039); Partners of Pennsylvania, LLC (0841); Partners Pharmacy of Florida, LLC (9364); Partners Pharmacy of Maryland, LLC (0961); Partners Pharmacy of Texas, LLC (2017); Partners Pharmacy of Virginia, LLC (6232); Partners Pharmacy Services, LLC (9038); Partners Pharmacy Shell Point, LLC (1616); Partners Pharmacy, L.L.C. (4578); and Solutions Homecare, L.L.C. (1583).  The Debtors' service address in these chapter 11 cases is 173 Bridge Plaza North, Fort Lee, NJ 07024.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested are sections 365(a) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and rules 6004 and 6006, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

5. On August 13, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these cases.

6. The Debtors serve the medication management needs of residents at skilled nursing facilities, assisted living communities, long-term care residences, long-term acute care hospitals, and institutional care facilities across the United States.  These services are delivered through a network of in-house pharmacies and supported by a range of advanced technologies and capabilities, including automation systems, infusion therapy technologies, compounding services, clinical decision-support tools, and a dedicated team offering clinical support services.

7. Additional information about the Debtors, including their business operations, corporate and capital structure, and the events leading to the filing of these cases is detailed in the *Declaration of Ronald M. Winters in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.

8. As explained in further detail in the First Day Declaration, the Debtors filed these chapter 11 cases to pursue, with the support of their pre-petition lender, a robust marketing and sale process to sell substantially all of their assets. The Debtors have secured a stalking horse bid from their pre-petition lender who is also providing, subject to court approval, post-petition financing to fund operations and administrative costs during the sale process.

### THE SRX BINDING TERM SHEET

9. On May 9, 2025, SRX and the Debtors executed the SRX Term Sheet, which outlined the principal terms under which the parties would negotiate a definitive asset purchase agreement. In May and June of 2025, SRX paid deposits to the Debtors totaling $5 million (collectively, the "SRX Deposit"). The Debtors were permitted to use the SRX Deposit for operational and other expenses and did so.

10. Despite efforts to agree on the terms of an asset purchase agreement, the parties failed to do so. On August 5, 2025, SRX issued a letter terminating the SRX Term Sheet and demanding immediate return of the SRX Deposit (the "Notice of Termination").

11. The SRX Term Sheet purports to impose various obligations and restrictions on the Debtors, including a "no-shop" provision that might otherwise restrict the Debtors' ability to pursue alternative transactions until August 8, 2025 (the "Outside Date").

12. Although the SRX Term Sheet and the "no-shop" provision in Section 7 of the SRX Term Sheet are not enforceable (due to the Notice of Termination, the passing of the Outside Date,

or otherwise), out of an abundance of caution, the Debtors seek an order approving the Debtors' rejection of the SRX Term Sheet. This will serve to eliminate any argument that the Debtors' have any remaining obligations, including under the "no shop" provision.[2]

## BASIS FOR RELIEF

13. Section 365(a) of the Bankruptcy Code provides that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Rejection is intended to allow a debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts and leases in order to preserve and maximize the value of the bankruptcy estate. *See Stewart Title Guar. Co. v. Old Rep. Nat'l Ins. Co*., 83 F.3d 735, 741 (5th Cir. 1996) (noting that section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed" (citation omitted)). Bankruptcy courts use the business judgment standard to determine whether to approve a lease or contract rejection. *See Richmond Leasing Co. v. Cap. Bank, N.A*., 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Grp. of Institutional Inv. v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co*., 318 U.S. 523, 550 (1943)) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'").

14. The "business judgment" test merely requires a showing that rejection of the unexpired lease or contract will benefit the debtor's estate, and courts will approve such decision unless the decision is the product of bad faith, whim, or caprice. *See In re Pisces Energy, LLC*, 2009 Bankr. LEXIS 4709, at *18 (Bankr. S.D. Tex. Dec. 21, 2009) ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered." (quoting *NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513(1984))).

---

[2] Nothing in this Motion shall be deemed an admission that any provision of the SRX Term Sheet is valid, enforceable, or binding on the Debtors, and all rights, claims, and defenses are expressly reserved.

15. The rejection of an executory contract constitutes a prepetition breach that entitles the non-debtor party to a claim against the debtor's bankruptcy estate. *See* 11 U.S.C. §§ 365(g)(l) and 502(g) (2009); *see generally Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d at 41. A claim is "a right to payment, whether or not such right is...liquidated, unliquidated, fixed, [or] contingent." 11 U.S.C. § 101(5)(A).

16. Whether or not the SRX Term Sheet is an executory contract (especially given SRX's Notice of Termination), if any material obligations survive that could render it so, then it is incumbent on the Debtors to reject the SRX Term Sheet in the exercise of their reasonable business judgment. Doing so is in the best interests of their estates, creditors, and all parties in interest.

### RESERVATION OF RIGHTS

17. Nothing contained in this Motion or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property

of the Debtors' estates; and (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought in this Motion, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## NOTICE

18. Notice of this Motion will be served on the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (c) the Internal Revenue Service; (d) the United States Attorney's Office for the Southern District of Texas; (e) the state attorneys general for all states in which the Debtors conduct business; (f) Glenn Agre Bergman & Fuentes LLP, as counsel to CS One, LLC; (g) Cardinal Health, Inc. and Cardinal Health 110, LLC; (h) Cohen Tauber Spievack & Wagner P.C., as counsel to SRX; and (i) any party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(d). Given the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

19. WHEREFORE, the Debtors respectfully request that the Court grant (i) the relief requested in this Motion by entering the order, substantially in the form attached as **Exhibit A**, and (ii) such other and further relief as the Court deems just and proper.

4918-3847-7914

Dated: August 13, 2025
      Washington, DC

Respectfully submitted,

*/s/ Patrick J. Potter*
Patrick J. Potter (S.D. Tex. Fed. No. 3089812)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone:(202) 663-8928
Facsimile: (202) 663-8007
Email: patrick.potter@pillsburylaw.com

-and-

Dania Slim (S.D. Tex. Fed. No. 3049178)
Amy West (*pro hac vice* pending)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
Email: dania.slim@pillsburylaw.com
       amy.west@pillsburylaw.com

-and-

L. James Dickinson (Tex. Bar. No. 24105805)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
609 Main Street, Suite 2000
Houston, TX 77002
Telephone: (713) 276-7654
Facsimile: (713) 276-7373
Email: james.dickinson@pillsburylaw.com

*Proposed Counsel to the Debtors and
Debtors in Possession*

**CERTIFICATE OF SERVICE**

      I certify that on August 13, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, the foregoing document will be served as set forth in a forthcoming affidavit filed by the Debtors' proposed claims agent.

      */s/ Patrick J. Potter*
      Patrick J. Potter

4918-3847-7914

# **Exhibit A**

*Proposed Order*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Partners Pharmacy Services, LLC, *et al.*,[1] | Case No. 25-34698 |
| Debtors. | (Joint Administration Requested) |

**ORDER GRANTING DEBTORS' MOTION TO
REJECT THE BINDING TERM SHEET WITH SRX**

Upon the motion (the "'<u>Motion</u>") [2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), rejecting the term sheet entered into with Partners Acquisition SRX LLC ("<u>SRX</u>"), as amended (the "<u>SRX Term Sheet</u>"), all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Arrow Envoy Holdings, LLC (5695); Arrow Pharmacy Holdings, LLC (0080); Partners of Connecticut, LLC (1828); Partners of Massachusetts, LLC (2604); Partners of New York, LLC (0039); Partners of Pennsylvania, LLC (0841); Partners Pharmacy of Florida, LLC (9364); Partners Pharmacy of Maryland, LLC (0961); Partners Pharmacy of Texas, LLC (2017); Partners Pharmacy of Virginia, LLC (6232); Partners Pharmacy Services, LLC (9038); Partners Pharmacy Shell Point, LLC (1616); Partners Pharmacy, L.L.C. (4578); and Solutions Homecare, L.L.C. (1583). The Debtors' service address in these chapter 11 cases is 173 Bridge Plaza North, Fort Lee, NJ 07024.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4918-3847-7914

circumstances and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**,

1. The Motion is GRANTED on as set forth herein.

2. The SRX Term Sheet, including any amendments, supplements, or modifications thereto, are hereby rejected as of the Petition Date, pursuant to section 365 of the Bankruptcy Code.

3. Nothing in the Motion or this Order shall constitute (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' right to dispute any claim, or (c) an admission that the SRX Term Sheet constitutes an executory contract under section 365 of the Bankruptcy Code.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: _____

                                                 United States Bankruptcy Judge