IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Partners Pharmacy Services, LLC, *et al.*,[1] | Case No. 25-34698 |
| Debtors. | (Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM AND MAINTAIN EXISTING BANK ACCOUNTS, AND (B) CONTINUE TO PERFORM INTERCOMPANY TRANSACTIONS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the ""Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) authorizing the debtors to (i) continue to operate their cash management system and maintain existing bank accounts and (ii) continue to perform intercompany transactions, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Arrow Envoy Holdings, LLC (5695); Arrow Pharmacy Holdings, LLC (0080); Partners of Connecticut, LLC (1828); Partners of Massachusetts, LLC (2604); Partners of New York, LLC (0039); Partners of Pennsylvania, LLC (0841); Partners Pharmacy of Florida, LLC (9364); Partners Pharmacy of Maryland, LLC (0961); Partners Pharmacy of Texas, LLC (2017); Partners Pharmacy of Virginia, LLC (6232); Partners Pharmacy Services, LLC (9038); Partners Pharmacy Shell Point, LLC (1616); Partners Pharmacy, L.L.C. (4578); and Solutions Homecare, L.L.C. (1583).  The Debtors' service address in these chapter 11 cases is 173 Bridge Plaza North, Fort Lee, NJ 07024.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4929-1148-8844

is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**,

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing on the Motion shall be held on September 10, 2025 at 1:00 p.m. (prevailing Central Time) (the "<u>Final Hearing</u>").  Any objections or responses to entry of the proposed final order shall be filed on or before 4:00 p.m. (prevailing Central Time) on September 3, 2025.  If no objections to entry of a final order on the Motion are timely received, then this Court may enter a final order without need for the Final Hearing.

3. Subject to the limitations of this Interim Order, the Debtors are authorized, but not directed, to: (a) continue using the Cash Management System as described in the Motion and honor any pre-petition obligations related to the use thereof; (b) designate, maintain, close, and continue to use on an interim basis any or all of their existing Bank Accounts, including, but not limited to, the Bank Accounts identified in the Motion, in the names and with the account numbers existing immediately before the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, electronic fund transfers, ACH transfers, and other debits or electronic means; (d) treat their pre-petition Bank Accounts for all purposes as debtor-in-possession accounts; and (e) open new debtor-in-possession Bank Accounts in accordance with

the terms of this Interim Order; *provided*, that in the case of each of clauses (a) through (e), such action is taken in the ordinary course of business and consistent with pre-petition practices.

4. The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, and maintain and continue using, in their present form, the Books and Records; *provided*, that once the Debtors have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled with the "Debtor in Possession" designation as soon as reasonably practicable to do so. To the extent the Debtors print any new checks or use any electronic Business Forms, they shall include the "Debtor in Possession" designation and the corresponding bankruptcy case number on all such checks within 10 business days.

5. Except as otherwise provided in this Interim Order and only to the extent funds are available in each applicable Bank Account, First Citizens Bank is directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, electronic fund transfers, and ACH transfers issued, whether before or after the Petition Date, and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

6. First Citizens Bank is authorized to charge, and the Debtors are authorized to pay, honor, or allow any reasonable Bank Fees or charges associated with the Bank Accounts, and charge back returned items to the Bank Accounts in the ordinary course and consistent with pre-petition practices.

7. As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on First Citizens Bank.

8. The Debtors are authorized to: (a) pay undisputed pre-petition amounts outstanding as of the Petition Date, if any, owed in the ordinary course to First Citizens Bank as service charges for the maintenance of the Cash Management System; and (b) reimburse First Citizens Bank for any claims arising before or after the Petition Date in connection with customer checks deposited with First Citizens Bank that have been dishonored or returned as a result of insufficient funds in the Bank Accounts in the ordinary course, to the same extent the Debtors were responsible for such items prior to the Petition Date.

9. The Debtors are authorized, but not directed, to continue issuing Corporate Credit Cards and reimbursing expenses incurred on the Corporate Credit Cards in the ordinary course of business consistent with pre-petition practices, including by paying obligations outstanding with respect thereto and applying any charges against pre-petition deposits on a pre-petition and post-petition basis, subject to the limitations of this Interim Order and any other orders of this Court. The Debtors are authorized, but not directed, to continue to use the Corporate Credit Cards in the ordinary course of business, to honor all past and future contractual obligations under the Corporate Credit Cards, and to make timely payments on account of charges that were made under the Corporate Credit Cards prior to the Petition Date.

10. The Debtors are authorized to enter into and engage in the Intercompany Transactions, and to take any actions related thereto on the same terms as, and materially consistent with, the Debtors' operation of the business in the ordinary course and consistent with historical practice during the pre-petition period. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including the

4929-1148-8844

Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts. The Debtors shall provide a report to counsel to any committee appointed in these cases, if any, the DIP Lenders and the U.S. Trustee upon request describing all transfers of cash constituting Intercompany Transactions (including, for each such transaction, the name of the Debtor transferor, the name of the transferee, and the amount of the transfers). Each payment (or other transfer of cash, whether to or from the Debtors) from a Debtor to another Debtor under any post-petition Intercompany Transaction is hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code; *provided* that all Intercompany Claims shall be junior and subordinate to any superpriority administrative expense claims or liens granted in any order approving post-petition financing or the use of cash collateral (collectively, the "DIP Orders"). All transfers of cash to non-debtor affiliates will be reported in the monthly operating reports as disbursements of the Debtors.

11. The Debtors are authorized, but not directed, to set off mutual post-petition obligations relating to Intercompany Claims through the Cash Management System. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

12. Any agreements existing between the Debtors and First Citizens Bank shall continue to govern the post-petition cash management relationship between the Debtors and First Citizens Bank and, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court.

13. The Debtors are authorized, in the ordinary course and consistent with pre-petition practices, to open new bank accounts or close any existing Bank Account and enter into any ancillary agreements, including new deposit control agreements, related to the foregoing, as the Debtors may deem necessary and appropriate; *provided*, that: (a) all accounts opened by the Debtors on or after the Petition Date shall be at depositories (i) insured with the FDIC and (ii) designated as an authorized depository by the U.S. Trustee; and (b) such bank agrees to be bound by the terms of this Interim Order. The Debtors shall provide seven days' prior written notice to the U.S. Trustee, counsel to the DIP Lenders and counsel to any statutory committee appointed in these chapter 11 cases of the opening or closure of such account, email notice being sufficient; *provided* that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Interim Order, be deemed a Bank Account as if it had been listed under paragraph 11 of the Motion; *provided further* that such opening or closure shall be timely reported in the Debtors' monthly operating reports.

14. The relief granted in this Interim Order is extended to any new bank account opened by the Debtors after the date hereof and pursuant to the terms of this Interim Order.

15. In the event that any third party deposits funds (whether before, on or after, the Petition Date) into a Bank Account other than the Bank Account identified by the Debtors to such third party, such funds shall as soon as reasonably practicable be swept into the correct account. For the avoidance of doubt, if a Debtor or non-debtor affiliate sends funds to a Debtor or non-debtor affiliate, and such funds should be placed into another Debtor or non-debtor affiliate account, the Company reserves the right, without need for a hearing or order, to sweep such funds into the correct account.

4929-1148-8844

16. To the extent that any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code and any provision of the U.S. Trustee Guidelines, the Debtors shall have forty-five (45) days from the Petition Date, without prejudice to seeking an additional extension or extensions, to come into compliance with section 345(b) of the Bankruptcy Code and the U.S. Trustee Guidelines; *provided*, that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further extension of the time period set forth in this paragraph by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further order.

17. Notwithstanding any other provision of this Interim Order, should First Citizens Bank honor a pre-petition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors to honor such pre-petition check or item; (b) in a good faith belief that the Court has authorized such pre-petition check or item to be honored; or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, First Citizens Bank shall not be deemed to be nor shall be liable to the Debtors or their estates or otherwise be in violation of this Interim Order. Without limiting the foregoing, First Citizens Bank may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and First Citizens Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

18. Nothing in this Interim Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy

law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates. Any payment made pursuant to this Interim Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

19. Notwithstanding the relief granted in this Interim Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the DIP Orders, including any budget attached thereto. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

20. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

21. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Interim Order.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Signed: August 14, 2025

_____
Christopher Lopez
United States Bankruptcy Judge

4929-1148-8844