United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 14, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Partners Pharmacy Services, LLC, *et al.*,[1] | Case No. 25-34698 |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PRE-PETITION WAGES, SALARIES, AND OTHER COMPENSATION, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "'Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing (a) authorizing the Debtors (i) to pay pre-petition wages, salaries, and other compensation to employees as well as remit amounts withheld from the Compensation to applicable taxing authorities and applicable third party benefits administrators, and (ii) to continue Employee Benefits Programs in the ordinary course of business, including payment of certain pre-petition obligations related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Arrow Envoy Holdings, LLC (5695); Arrow Pharmacy Holdings, LLC (0080); Partners of Connecticut, LLC (1828); Partners of Massachusetts, LLC (2604); Partners of New York, LLC (0039); Partners of Pennsylvania, LLC (0841); Partners Pharmacy of Florida, LLC (9364); Partners Pharmacy of Maryland, LLC (0961); Partners Pharmacy of Texas, LLC (2017); Partners Pharmacy of Virginia, LLC (6232); Partners Pharmacy Services, LLC (9038); Partners Pharmacy Shell Point, LLC (1616); Partners Pharmacy, L.L.C. (4578); and Solutions Homecare, L.L.C. (1583).  The Debtors' service address in these chapter 11 cases is 173 Bridge Plaza North, Fort Lee, NJ 07024.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Court may enter a final order consistent with Article III of the United States Constitution; and the

Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing

on the Motion were appropriate under the circumstances and no other notice need be provided;

and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein and that such relief is in the best interests of the Debtors,

their estates, their creditors and all parties in interest; and upon all of the proceedings had before

the Court after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT**,

    1.    The Motion is GRANTED as set forth herein.

    2.    The Debtors are authorized to pay and honor all pre-petition and post-petition

obligations on account of the Compensation and Benefits as set forth in the Motion, including,

without limitation, Compensation Obligations, Reimbursement Obligations, Withholdings

Obligations, Deferred Payroll Taxes, Employee Benefits Obligations, 401(k) Savings Plan

Withholdings, and Workers' Compensation Obligations; provided, that the Debtors shall not make

any payments to any employee that exceed the priority cap amounts set forth in sections 507(a)(4)

and 507(a)(5) of the Bankruptcy Code nor pay any amounts to "insiders" of the Debtors as that

term is defined in section 101(31) of the Bankruptcy Code under any bonus, incentive, or retention

plan without seeking authority from the Court; provided further, that the Debtors shall not pay any

Deferred Payroll Taxes before they are due.

    3.    The Debtors are authorized to continue, administer, modify, change, or discontinue

the Compensation and Benefits and to implement new programs, policies, and benefits, in the

ordinary course of business during these chapter 11 cases and without need for further court

approval, subject to applicable law; provided that the Debtors shall provide five days' advance notice to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and the DIP Lender before making any material modifications or changes to the Compensation and Benefits.

4.      The Debtors are authorized, in their sole discretion, to remit any deductions previously withheld or deducted from employee payroll on account of the Benefits to the appropriate third party.

5.      The Debtors are authorized to pay any and all Withholding Obligations and Deferred Payroll Taxes, including, but not limited to, all local, state, and federal withholding and payroll-related taxes, social security taxes, Medicare taxes, or similar taxes related to the Benefits and Workers' Compensation Program, whether withheld from employee wages or paid directly by the Debtors to governmental entities and whether such taxes relate to the period before or after the Petition Date.

6.      The Debtors are authorized to reimburse employees for all Reimbursable Expenses and to make direct payments to third parties on account of amounts owed in connection with the Reimbursable Expenses.

7.      Pursuant to section 362(d) of the Bankruptcy Code, employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to continue the Workers' Compensation Program and pay all pre-petition amounts relating thereto in the ordinary course of business.  This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

4909-4418-4653

8.      Neither this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any employees or any other person, including, without limitation, any right to payment entitled to administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code.

9.      The Debtors' banks and financial institutions shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to process, honor, pay, and, if necessary, reissue any and all checks, including pre-petition checks that the Debtors reissue post-petition, and electronic fund transfers drawn on the Debtors' bank accounts relating to the Compensation and Benefits, whether such checks were presented or funds transfer requests were submitted prior to or subsequent to the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

10.     The Debtors are authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11.     Nothing in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request to assume, adopt, or reject any

4

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; and (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

12.     The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.


Signed: August 14, 2025

_____
Christopher Lopez
United States Bankruptcy Judge


5

4909-4418-4653