United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 15, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Partners Pharmacy Services, LLC, *et al.*,[1] | Case No. 25-34698 |
| Debtors. | (Jointly Administered) |

### ORDER (I) APPROVING FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES; (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES; (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by the Utility Companies relating to the adequacy of the Debtors' proposed adequate assurance; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or outstanding pre-petition invoices; and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Arrow Envoy Holdings, LLC (5695); Arrow Pharmacy Holdings, LLC (0080); Partners of Connecticut, LLC (1828); Partners of Massachusetts, LLC (2604); Partners of New York, LLC (0039); Partners of Pennsylvania, LLC (0841); Partners Pharmacy of Florida, LLC (9364); Partners Pharmacy of Maryland, LLC (0961); Partners Pharmacy of Texas, LLC (2017); Partners Pharmacy of Virginia, LLC (6232); Partners Pharmacy Services, LLC (9038); Partners Pharmacy Shell Point, LLC (1616); Partners Pharmacy, L.L.C. (4578); and Solutions Homecare, L.L.C. (1583). The Debtors' service address in these chapter 11 cases is 173 Bridge Plaza North, Fort Lee, NJ 07024.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*for the Southern District of Texas*, dated May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**,

1.    The Motion is GRANTED as set forth herein.

2.    The Adequate Assurance Deposit and the Adequate Assurance Procedures are hereby approved and are deemed adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3.    The Debtors shall deposit the Adequate Assurance Deposit in the amount of **$44,510** in a segregated account for the benefit of the Utility Companies within twenty (20) days after the entry of this Order.  The Debtors are authorized to cause the Adequate Assurance Deposit to be held in the Utility Deposit Account until (a) the Debtors' termination of Utility Services from such Utility Companies, at the earliest, if there are no outstanding disputes related to post-petition payments due, or (b) at the conclusion of the chapter 11 cases, if not applied earlier. No liens shall encumber the Adequate Assurance Deposit or the Utility Deposit Account.

4.    The following Adequate Assurance Procedures are hereby approved:

a.    Within three business days after entry of this Order, the Debtors will e-mail, serve by mail, or otherwise expeditiously send a copy of the Motion and this Order to the Utility Companies on the Utility Services List.

b.    The funds in the Utility Deposit Account will constitute adequate assurance for each Utility Company in the amount set forth for such Utility Company in the column labeled "Amount of Deposit to be Provided" on the Utility Services List.

c.    If an amount relating to Utility Services provided post-petition by a Utility Company is unpaid, and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account by giving notice to (a) proposed counsel to the Debtors, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street, NW, Washington, DC 20036 (Attn: Patrick J. Potter (patrick.potter@pillsburylaw.com)), Pillsbury Winthrop Shaw Pittman LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Dania Slim (dania.slim@pillsburylaw.com), Amy West (amy.west@pillsburylaw.com)), and Pillsbury Winthrop Shaw Pittman LLP, 609 Main Street, Suite 2000, Houston, TX 77002 (Attn: L. James Dickinson (james.dickinson@pillsburylaw.com)); (b) the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002; and (c) counsel for any official committee of unsecured creditors appointed in these chapter 11 cases (collectively, the "Utility Notice Parties"). The Debtors will honor such request within five (5) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent a Utility Company receives a disbursement from the Utility Deposit Account, the Debtors will replenish the Utility Deposit Account in the amount so disbursed.

d.    The portion of the Adequate Assurance Deposit attributable to each Utility Company will be returned to the Debtors automatically, without further order of the Court, on the earlier of (a) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company; (b) the effective date of any chapter 11 plan confirmed in these chapter 11 cases; or (c) the consummation of a sale, pursuant to section 363 of the Bankruptcy Code, of all or substantially all of the assets of the applicable Debtors that use the services of such Utility Company.

e.    Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Utility Notice Parties.

f.    The Additional Assurance Request must (a) be made in writing; (b) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account; (c) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits or surety bonds; and (d) explain why the Utility Company believes the Proposed Adequate Assurance is insufficient adequate assurance of future payment.

g.    An Additional Assurance Request may be made at any time.  If a Utility Company does not file and serve an Additional Assurance Request, the Utility Company will be (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (b) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid pre-petition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h.    The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors, in connection with any such agreement, may provide a Utility Company with additional adequate assurance of payment including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

i.    If the Debtors and the Utility Company are not able to reach a resolution within fourteen days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

j.    Pending resolution of the Determination Hearing, the Utility Company making such Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for pre-petition services or on account of any objections to the Proposed Adequate Assurance.

5.    Absent compliance with the procedures set forth in the Motion and this Order, the Utility Companies, including those listed on **Exhibit 1** annexed hereto, are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid pre-petition charges or any perceived inadequacy of the Debtors' Proposed

Adequate Assurance.  The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures set forth herein.

6.      The inclusion of any entity in, as well as the omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

7.      The Debtors are authorized to amend the Utility Services List attached hereto as **Exhibit 1**, to add or delete any Utility Companies, with such amendment to be filed with the Court and timely served on the affected Utility Company (the "Subsequently Identified Utility Company") to allow sufficient time for parties to object. The Debtors shall serve a copy of this Order upon any Subsequently Identified Utility Company added to the Utility Services List within three business days.  Upon such amendment, any Subsequently Identified Utility Company that is added to the Utility Services List has the right to object to such inclusion within fourteen days after it receives notice of the Motion and Order.  If no objection is timely received, the provisions of this Order shall apply to the Subsequently Identified Utility Company. Should any objection properly be made, such Subsequently Identified Utility Company shall be permitted to make an Adequate Assurance Request in accordance with the Adequate Assurance Procedures set forth herein.

8.      The Debtors shall increase the amount of the Adequate Assurance Deposit if an additional Utility Company is added to the Utility Services List by an amount equal to one half of the Debtors' average monthly cost of Utility Services provided by such Subsequently Identified Utility Company, calculated, where practicable, using the historical average for such payments during the 12 months prior to the Petition Date.  The Debtors may terminate the services of any

Utility Company and reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company upon reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services provided by such Utility Company; *provided, however*, that there are no outstanding disputes related to post-petition payments due; *provided* that Debtors shall, to the extent reasonably practicable, provide at least seven (7) days' notice to any Utility Company prior to removal and shall only reduce the Adequate Assurance Deposit absent a response from any such Utility Company.

9.      The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

10.      Nothing in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (a) an implication or admission as to the validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) an agreement or obligation to pay any claims; (f) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (g) an admission as to the validity of any liens satisfied pursuant to the Motion; or (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

11.      Notwithstanding anything to the contrary in the Motion or this Order, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing the Debtors' use of cash collateral and

post-petition debtor-in-possession financing (such orders, the "DIP Order") and any budget in connection with any such use of cash collateral and post-petition debtor-in-possession financing. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

12.    The requirements of Bankruptcy Rule 6003(b) have been satisfied.

13.    Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

14.    Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

15.    The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

16.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Signed:  August 14, 2025

Christopher Lopez
United States Bankruptcy Judge

## **Exhibit 1**

*Utility Services List*

.v

**Utility Services List**

| Utility Provider | Utility Provider Mailing Address | Service Type(s) | Account Number(s) | Average Monthly Cost | Adequate Assurance Deposit |
|---|---|---|---|---|---|
| ADT Commercial LLC d/b/a Everon | PO Box 219044 Kansas City, MO 64121-9044 | Security | 999883101 | $2,500 | $1,250 |
| Confires Fire Protection | 910 Oak Tree Ave, Suite J South Plainfield, NJ 07080 | Fire | C-29990 | $1,000 | $500 |
| Connecticut Natural Gas Corp. | PO Box 847820 Boston, MA 02284-7820 | Gas | 040-0011153-1014 | $600 | $300 |
| Eversource | PO Box 56002 Boston, MA 02205-6002 | Electric, Gas | 5116 797 9046; 5103 571 4013; 5707 586 0007; 7300 210 4617 | $4,600 | $2,300 |
| Fluent Stream Tech LLC | PO Box 727818 Dallas, TX 75373 7818 | Phone | 11441824-001-085 | $25,000 | $12,500 |
| JCP&L (FIRSTENERGY) | PO Box 371422 Pittsburg, PA 15250-7422 | Electric | 100 119 913 158 | $3,000 | $1,500 |
| Meriplex Solutions | PO Box 737457 Dallas, TX 75373-7457 | IT Infrastructure | 23-RAPH001 | $180,000 | $90,000 |
| National Grid | PO Box 371396 Pittsburg, PA 15250-7396 | Electric | 78364-79038 | $6,000 | $3,000 |

| Utility Provider | Utility Provider Mailing Address | Service Type(s) | Account Number(s) | Average Monthly Cost | Adequate Assurance Deposit |
|---|---|---|---|---|---|
| New Jersey American Water | PO Box 371331 Pittsburg, PA 15250 | Water | 1018-220015686248; 1018-220015686200 | $1,000 | $500 |
| PSE&G CO | PO BOX 14444 New Brunswick, NJ 08906-4444 | Gas | 72 834 598 04 | $6,000 | $3,000 |
| ReadyFresh (Primo Brands, Blue Triton Brands, Inc.) | PO Box 9001003 Louisville, KY 40290-1003 | Water | 442178869 | $120 | $60 |
| Reliant | PO Box 650475 Dallas, TX 75265-0475 | Electric | 17 837 843-6 | $1,600 | $800 |
| The Connecticut Water Company | PO Box 981015 Boston, MA 02298-1015 | Water | 189880 | $600 | $300 |
| Waste Management (WM Corporate Services, Inc.) | PO Box13648 Philadelphia, PA 19101-3648 | Waste Services | 17-64594-53001 | $5,000 | $2,500 |
| Windstream | PO Box 9001013 Louisville, KY 40290-1013 | Internet Service | 208217295 | $32,000 | $16,000 |
| | | | **Total** | $89,020.00 | $44,510.00 |

.v