IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Partners Pharmacy Services, LLC, *et al.*,[1] | Case No. 25-34698 (CML) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on September 10, 2025 at 1:00 p.m. (prevailing Central Time) at the United States Court for the Southern District of Texas, 515 Rusk Street, Courtroom 401, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Arrow Envoy Holdings, LLC (5695); Arrow Pharmacy Holdings, LLC (0080); Partners of Connecticut, LLC (1828); Partners of Massachusetts, LLC (2604); Partners of New York, LLC (0039); Partners of Pennsylvania, LLC (0841); Partners Pharmacy of Florida, LLC (9364); Partners Pharmacy of Maryland, LLC (0961); Partners Pharmacy of Texas, LLC (2017); Partners Pharmacy of Virginia, LLC (6232); Partners Pharmacy Services, LLC (9038); Partners Pharmacy Shell Point, LLC (1616); Partners Pharmacy, L.L.C. (4578); and Solutions Homecare, L.L.C. (1583). The Debtors' service address in these chapter 11 cases is 173 Bridge Plaza North, Fort Lee, NJ 07024.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion (the "<u>Motion</u>"):

### RELIEF REQUESTED

1. The Debtors seek entry of order, substantially in the form attached hereto as **Exhibit A**, establishing procedures for providing:

   a. compensation and reimbursement of expenses to attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of title 11 of the Bankruptcy Code, and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code; and

   b. reimbursement of expenses to members of any official committees formed by the U.S. Trustee (excluding fees and expenses of any member's counsel).

### JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors consent to entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested are sections 105(a), 330, and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "<u>Local Rules</u>"), and Procedures for Complex Cases in the Southern District of Texas.

4928-0882-2095

**BACKGROUND**

5. On August 13, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these cases.

6. The Debtors serve the medication management needs of residents at skilled nursing facilities, assisted living communities, long-term care residences, long-term acute care hospitals, and institutional care facilities across the United States. These services are delivered through a network of in-house pharmacies and supported by a range of advanced technologies and capabilities, including automation systems, infusion therapy technologies, compounding services, clinical decision-support tools, and a dedicated team offering clinical support services.

7. Additional information about the Debtors, including their business operations, corporate and capital structure, and the events leading to the filing of these cases is detailed in the *Declaration of Ronald M. Winters in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed on the Petition Date and incorporated herein by reference. *See* ECF Doc. 13.

8. The Debtors have filed applications to employ and retain the following professionals in these chapter 11 cases: (a) Pillsbury Winthrop Shaw Pittman LLP, as counsel; (b) Gibbins Advisors, LLC, as financial advisor; and (c) SSG Advisors, LLC, as investment banker. The Debtors may in the future seek authority to retain additional professionals pursuant to section

327 of the Bankruptcy Code.[2] Each entity retained pursuant to section 327 or 1103 of the Bankruptcy Code is referred to herein as a "Professional" and collectively, as the "Professionals."

### PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES

9. To streamline the compensation process and enable the Court and all other parties in interest to effectively monitor the fees and expenses incurred by Professionals rendering services to the Debtors from the Petition Date through the effective date of the Debtors' chapter 11 plan (the "Effective Date"), the Debtors respectfully request that the Court implement the following procedures (the "Compensation Procedures"):

   a. On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses shall file with the Court and serve (via e-mail) on the parties below (collectively, the "Notice Parties") a reasonably detailed monthly statement indicating the nature of the services rendered and expenses incurred (each, a "Monthly Fee Statement"):

      i. the Debtors, Partners Pharmacy Services, LLC, 173 Bridge Plaza North, Fort Lee, NJ 07024;

      ii. proposed counsel to the Debtors, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street, NW, Washington, DC 20036 (Attn: Patrick J. Potter (patrick.potter@pillsburylaw.com)), Pillsbury Winthrop Shaw Pittman LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Dania Slim (dania.slim@pillsburylaw.com), Amy West (amy.west@pillsburylaw.com)), and Pillsbury Winthrop Shaw Pittman LLP, 609 Main Street, Suite 2000, Houston, TX 77002 (Attn: L. James Dickinson (james.dickinson@pillsburylaw.com));

      iii. the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002; and

      iv. counsel for any official committee of unsecured creditors appointed in these chapter 11 cases.

   Any Professional that fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during

---

[2] The Debtors also intend to file a motion seeking authority to employ and pay certain professionals used in the ordinary course of business (each, an "Ordinary Course Professional"). For the avoidance of doubt, the Compensation Procedures shall not apply to the payment of compensation and reimbursement of expenses of Ordinary Course Professionals.

4

        previous months. All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law. The first Monthly Fee Statement submitted by each Professional serving as of the Petition Date will cover the period from the Petition Date through and including August 31, 2025.

b.      Each Notice Party shall have fourteen (14) days after delivery of a Monthly Fee Statement (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, the Debtors shall promptly pay the applicable Professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement and (ii) 80% of the fees and 100% of the expenses that are not subject to an Objection pursuant to subparagraph (c) below (the "<u>Undisputed Monthly Payment</u>," with the portion of the fees and expenses that are subject to such Objection being referred to as the "<u>Disputed Amount</u>").

c.      If any Notice Party objects to a Professional's Monthly Fee Statement, such party must, on or before the expiration of the Objection Deadline, deliver via e-mail on such Professional and each other Notice Party a written objection (an "<u>Objection</u>") so as to be received on or before the Objection Deadline. Any such Objection will identify with specificity the objectionable fees or expenses, including the amount of such objected-to fees or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fourteen (14) days after delivery of the Objection or such later date as both parties agree, the objecting party shall file its Objection with the Court within three (3) business days and serve such Objection on the affected Professional and each of the other Notice Parties. Thereafter, the affected Professional may either: (a) file a response to the Objection with this Court, together with a request for payment of the Disputed Amount; or (b) forego payment of the Disputed Amount until the next interim or final fee application hearing, at which time the parties may request that the Court consider the Objection.

d.      Beginning with the period ending October 30, 2025, and at three (3) month intervals thereafter (each, an "<u>Interim Fee Period</u>"), each Professional shall file with this Court and serve on the Notice Parties an interim fee application (an "<u>Interim Fee Application</u>") for allowance of compensation and reimbursement of expenses sought in the Monthly Fee Statements submitted during such Interim Fee Period and prepared in accordance with the Compensation Procedures. Interim Fee Applications may be filed after the close of each Interim Fee Period. Interim Fee Applications must comply with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. The Notice Parties will have twenty-one (21) days after service of an Interim Fee Application to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including October 30, 2025. Notwithstanding anything to the contrary in the Compensation Procedures, a Professional may file a combined Interim Fee

        Application with its fee application for final allowance of compensation and reimbursement of expenses (a "<u>Final Fee Application</u>" and, together with the Interim Fee Applications, the "<u>Applications</u>").

e.       The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

f.       The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses not previously paid pursuant to the Compensation Procedures, unless otherwise ordered by the Court.

10.       The Debtors further request that each member of any official committee formed by the U.S. Trustee be permitted to submit statements of out-of-pocket expenses (excluding the fees and expenses of any member's counsel) and supporting vouchers to counsel for any such committee, and that counsel for such committee be required to collect such statements and vouchers and submit a request for reimbursement of the documented expenses in accordance with the foregoing Compensation Procedures.

11.       Additionally, the Debtors request that the Court limit service of the Applications to the Notice Parties, and that all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in these chapter 11 cases be entitled to receive only notice of hearings on the Applications (the "<u>Hearing Notices</u>"). Serving the Monthly Fee Statements and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Professionals' fees while saving unnecessary duplication and mailing expense.

### BASIS FOR RELIEF

12.       Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or

more often if the Court permits. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a). Consequently, the Court has ample authority to enter an order authorizing the Compensation Procedures.

13. Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." *See, e.g.*, *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

14. Courts in this district routinely grant the relief requested in this Motion. *See, e.g.*, *In re Air Methods Corp.*, No. 23-90866 (MI) (Bankr. S.D. Tex. Dec. 6, 2023) (Docket No. 315); *In re Serta Simmons Bedding LLC*, No. 23-90020 (DRJ) (Bankr. S.D. Tex. Mar. 6, 2023) (Docket No. 422); *In re Core Sci. Inc.*, No. 22-90341 (DRJ) (Bankr. S.D. Tex. Feb. 21, 2023) (Docket No. 541); *In re Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. June 24, 2022) (Docket No. 631); *In re Basic Energy Servs., Inc.*, No. 21-90002 (DRJ) (Bankr. S.D. Tex. Oct. 21, 2021) (Docket No. 527); *In re CBL & Assocs. Props., Inc.*, No. 20-35226 (DRJ) (Bankr. S.D. Tex. Dec. 22, 2020) (Docket No. 350); *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Sept. 17, 2020) (Docket No. 367); *In re CEC Ent., Inc.,* No. 20-33163 (MI) (Bankr. S.D. Tex. Aug. 14, 2020) (Docket No. 583); *In re NPC Int'l, Inc.*, No. 20-33353 (DRJ) (Bankr. S.D. Tex. Aug. 14, 2020) (Docket No. 434).

15. The significant size of these cases and the amount of time and effort that will be required from the Professionals to successfully close on a sale of the Debtors' business justifies adopting the Compensation Procedures. The Compensation Procedures are necessary to ensure

that the Professionals are fairly and timely compensated for their services in these chapter 11 cases and are not forced to bear undue financial burden or risk caused by delays in payment.

16. The Compensation Procedures will also enable the Debtors to closely monitor costs of administration, maintain level cash flow availability, and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

17. Finally, establishing the Compensation Procedures will significantly aid the efficient administration of these chapter 11 cases by, among other things, simplifying the process and preempting unnecessary Court involvement and expenditure of judicial resources.

## NOTICE

18. Notice of this Motion will be served on the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (c) the Internal Revenue Service; (d) the United States Attorney's Office for the Southern District of Texas; (e) the state attorneys general for all states in which the Debtors conduct business; (f) Glenn Agre Bergman & Fuentes LLP, as counsel to CS One, LLC; (g) Allen Stovall Neuman & Ashton LLP, as counsel to Cardinal Health 110, LLC and Cardinal Health 112, LLC; and (h) any party entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(d). Given the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

19. WHEREFORE, the Debtors respectfully request that the Court grant (i) the relief requested in this Motion by entering the order, substantially in the form attached as **Exhibit A**, and (ii) such other and further relief as the Court deems just and proper.

Dated: August 15, 2025
       Washington, DC

Respectfully submitted,

*/s/ Patrick J. Potter*
Patrick J. Potter (S.D. Tex. Fed. No. 3089812)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone:(202) 663-8928
Facsimile: (202) 663-8007
Email: patrick.potter@pillsburylaw.com

-and-

Dania Slim (S.D. Tex. Fed. No. 3049178)
Amy West (admitted *pro hac vice*)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
Email: dania.slim@pillsburylaw.com
      amy.west@pillsburylaw.com

-and-

L. James Dickinson (Tex. Bar. No. 24105805)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
609 Main Street, Suite 2000
Houston, TX 77002
Telephone: (713) 276-7654
Facsimile: (713) 276-7373
Email: james.dickinson@pillsburylaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**C**ERTIFICATE OF **S**ERVICE

      I certify that on August 15, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. Additionally, the foregoing document will be served as set forth in a forthcoming affidavit filed by the Debtors' proposed claims agent.

                                                                                      */s/ Patrick J. Potter*
                                                                                      Patrick J. Potter

## **Exhibit A**

*Proposed Order*

4928-0882-2095

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Partners Pharmacy Services, LLC, *et al.*,[1] | Case No. 25-34698 (CML) |
| Debtors. | (Jointly Administered) |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the ""Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), establishing procedures for interim compensation and reimbursement of expenses for professionals and official committee members, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of these cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Arrow Envoy Holdings, LLC (5695); Arrow Pharmacy Holdings, LLC (0080); Partners of Connecticut, LLC (1828); Partners of Massachusetts, LLC (2604); Partners of New York, LLC (0039); Partners of Pennsylvania, LLC (0841); Partners Pharmacy of Florida, LLC (9364); Partners Pharmacy of Maryland, LLC (0961); Partners Pharmacy of Texas, LLC (2017); Partners Pharmacy of Virginia, LLC (6232); Partners Pharmacy Services, LLC (9038); Partners Pharmacy Shell Point, LLC (1616); Partners Pharmacy, L.L.C. (4578); and Solutions Homecare, L.L.C. (1583). The Debtors' service address in these chapter 11 cases is 173 Bridge Plaza North, Fort Lee, NJ 07024.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**,

1. The Motion is GRANTED as set forth herein.

2. All Professionals in these chapter 11 cases may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses shall file with the Court and serve (via e-mail) on the parties below (collectively, the "Notice Parties") a reasonably detailed monthly statement indicating the nature of the services rendered and expenses incurred (each, a "Monthly Fee Statement"):

      i. the Debtors, Partners Pharmacy Services, LLC, 173 Bridge Plaza North, Fort Lee, NJ 07024;

      ii. proposed counsel to the Debtors, Pillsbury Winthrop Shaw Pittman LLP, 1200 Seventeenth Street, NW, Washington, DC 20036 (Attn: Patrick J. Potter (patrick.potter@pillsburylaw.com)), Pillsbury Winthrop Shaw Pittman LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Dania Slim (dania.slim@pillsburylaw.com), Amy West (amy.west@pillsburylaw.com)), and Pillsbury Winthrop Shaw Pittman LLP, 609 Main Street, Suite 2000, Houston, TX 77002 (Attn: L. James Dickinson (james.dickinson@pillsburylaw.com));

      iii. the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002; and

      iv. counsel for any official committee of unsecured creditors appointed in these chapter 11 cases.

   Any Professional that fails to submit a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law. The first Monthly Fee Statement submitted by each Professional serving as of the Petition Date will cover the period from the Petition Date through and including [July 31, 2025].

b. Each Notice Party shall have fourteen (14) days after delivery of a Monthly Fee Statement (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, the Debtors shall promptly pay the applicable Professional an amount equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement and (ii) 80% of the fees and 100% of the expenses that are not subject to an Objection pursuant to subparagraph (c) below (the "Undisputed Monthly Payment," with the portion of the fees and expenses that are subject to such Objection being referred to as the "Disputed Amount").

c. If any Notice Party objects to a Professional's Monthly Fee Statement, such party must, on or before the expiration of the Objection Deadline, deliver via e-mail on such Professional and each other Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection will identify with specificity the objectionable fees or expenses, including the amount of such objected-to fees or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fourteen (14) days after delivery of the Objection or such later date as both parties agree, the objecting party shall file its Objection with the Court within three (3) business days and serve such Objection on the affected Professional and each of the other Notice Parties. Thereafter, the affected Professional may either: (a) file a response to the Objection with this Court, together with a request for payment of the Disputed Amount; or (b) forego payment of the Disputed Amount until the next interim or final fee application hearing, at which time the parties may request that the Court consider the Objection.

d. Beginning with the period ending October 30, 2025, and at three (3) month intervals thereafter (each, an "Interim Fee Period"), each Professional shall file with this Court and serve on the Notice Parties an interim fee application (an "Interim Fee Application") for allowance of compensation and reimbursement of expenses sought in the Monthly Fee Statements submitted during such Interim Fee Period and prepared in accordance with the Compensation Procedures. Interim Fee Applications may be filed after the close of each Interim Fee Period. Interim Fee Applications must comply with sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. The Notice Parties will have twenty-one (21) days after service of an Interim Fee Application to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including October 30, 2025. Notwithstanding anything to the contrary in the Compensation Procedures, a Professional may file a combined Interim Fee Application with its fee application for final allowance of compensation and reimbursement of expenses (a "Final Fee Application" and, together with the Interim Fee Applications, the "Applications").

  e. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

  f. The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses not previously paid pursuant to the Compensation Procedures, unless otherwise ordered by the Court.

  3. Neither (a) the payment of or the failure to pay, in whole or in part, a Monthly Fee Statement under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

  4. Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel shall collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

  5. The Professionals shall serve the Monthly Fee Statements only on the Notice Parties and shall file Applications with the Court. The Professionals shall serve Hearing Notices concerning Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these chapter 11 cases.

5

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Order in accordance with the Motion.

10. The Court retains jurisdiction regarding the implementation, interpretation and enforcement of this Order.

Signed: _____

Christopher M. Lopez
United States Bankruptcy Judge

4928-0882-2095